MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DANIEL DE LUNA HERNANDEZ,
*individually and on behalf of others similarly
situated,*

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| CITY CATERING CAFE INC.  (D/B/A CITY CATERING CAFE F/D/B/A BISTRO CATERERS), JOHN DOE CORP. 1  (D/B/A CITY CATERING CAFE F/D/B/A BISTRO CATERERS), LEX BAKERY CORP. (D/B/A CITY CATERING CAFE F/D/B/A BISTRO CATERERS), NICHOLAS CASTIGLIANO , GEORGE JAMISON, LEON MOORE , and STEVE TENEDIOS, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Daniel De Luna Hernandez ("Plaintiff De Luna" or "Mr. De Luna"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against City Catering Cafe Inc. (d/b/a City

Catering Cafe f/d/b/a Bistro Caterers), John Doe Corp. 1 (d/b/a City Catering Cafe f/d/b/a Bistro

Caterers), Lex Bakery Corp.(d/b/a City Catering Cafe f/d/b/a Bistro Caterers), ("Defendant

Corporations"), Nicholas Castigliano,  George Jamison,  Leon Moore, and  Steve Tenedios,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff De Luna is a former employee of Defendants City Catering Cafe Inc. (d/b/a City Catering Cafe f/d/b/a Bistro Caterers), John Doe Corp. 1 (d/b/a City Catering Cafe f/d/b/a Bistro Caterers), Lex Bakery Corp.(d/b/a City Catering Cafe f/d/b/a Bistro Caterers), Nicholas Castigliano, George Jamison, Leon Moore, and Steve Tenedios.

2.       Defendants own, operate, or control a catering deli and cafe, located at 333 E. 23rd Street, New York, New York 10010 formerly located at 466 Lexington, New York, New York 10019 under the name "City Catering Cafe."

3.      Upon information and belief, individual Defendants Nicholas Castigliano, George Jamison, Leon Moore, and Steve Tenedios, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiff De Luna was an employee of Defendants.

5.      Plaintiff De Luna was employed as a delivery worker at the deli located at 333 East 23rd Street, New York, New York, 10010 formerly located at 466 Lexington, New York, New York 10019.

6.       Plaintiff De Luna was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to taking out the trash, dishwashing, mopping, sweeping, cutting vegetables, cleaning bathrooms, preparing food stations, helping in the salad bars, preparing sauces, cleaning the windows, fixing the front door, stocking products into refrigerators, twisting and tying the card boxes and taking down the sodas and other drinks to the basement and bringing them up and refilling the refrigerator hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff De Luna worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff De Luna appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff De Luna the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.      Furthermore, Defendants repeatedly failed to pay Plaintiff De Luna wages on a timely basis.

11.      Defendants employed and accounted for Plaintiff De Luna as a  delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

12.      Regardless, at all relevant times, Defendants paid Plaintiff De Luna at the lowered tip-credited rate.

13.      However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff De Luna's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

14.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff De Luna's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff De Luna at the minimum wage rate and enabled them to pay them at the lower tip-credited rate.

15.     Defendants' conduct extended beyond Plaintiff De Luna to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Luna and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff De Luna now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff De Luna seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De Luna's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a catering deli and cafe located in this district. Further, Plaintiff De Luna was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Daniel De Luna Hernandez ("Plaintiff De Luna" or "Mr. De Luna") is an adult individual residing in Queens County, New York.

22.     Plaintiff De Luna was employed by Defendants at City Catering Cafe from approximately June 2011 until on or about April 13, 2018.

23.     Plaintiff De Luna consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a catering deli and cafe, located at 333 E. 23rd Street, New York, New York 10010 formerly located at 466 Lexington, New York, New York 10019 under the name "City Catering Cafe."

25.     Upon information and belief, City Catering Cafe Inc. (d/b/a City Catering Cafe f/d/b/a Bistro Caterers) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 333 East 23rd Street, New York, New York, 10010.

26.     Upon information and belief, John Doe Corp. 1 (d/b/a City Catering Cafe f/d/b/a Bistro Caterers) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 333 East 23rd Street, New York, New York, 10010.

27.     Upon information and belief, Lex Bakery Corp.(d/b/a City Catering Cafe f/d/b/a Bistro Caterers) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 237 Park Avenue a.k.a. 466 Lexington, New York, New York 10019.

28.     Defendant Nicholas Castigliano is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicholas Castigliano is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nicholas Castigliano possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Luna, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant George Jamison is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Jamison is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant George Jamison possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Luna, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Leon Moore is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leon Moore is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Leon Moore

possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Luna, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Steve Tenedios is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steve Tenedios is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Steve Tenedios possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Luna, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

32.    Defendants operate a catering deli and cafe located in the Gramercy Park section of Manhattan in New York City.

33.    Individual Defendants, Nicholas Castigliano, George Jamison, Leon Moore, and Steve Tenedios, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

34.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff De Luna's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De Luna, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff De Luna (and all similarly situated employees) and are Plaintiff De Luna's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff De Luna and/or similarly situated individuals.

38.     Upon information and belief, Individual Defendants Nicholas Castigliano, George Jamison, Leon Moore, and Steve Tenedios operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

- 8 -

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

39.    At all relevant times, Defendants were Plaintiff De Luna's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De Luna, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De Luna's services.

40.    In each year from, 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

42.    Plaintiff De Luna is a former employee of Defendants who was employed as a delivery worker. However, he spent 20% of each shift performing the non-tipped duties described above. Plaintiff De Luna seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Daniel De Luna Hernandez*

43.    Plaintiff De Luna was employed by Defendants from approximately June 2011 until on or about April 13, 2018.

44.    Defendants ostensibly employed Plaintiff De Luna as a delivery worker.

45.     However, Plaintiff De Luna was also required to spend a significant portion of his work day performing the non-tipped duties described above.

46.     Although Plaintiff De Luna ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

47.     Plaintiff De Luna regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff De Luna's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff De Luna regularly worked in excess of 40 hours per week.

50.     From approximately April 2012 until on or about December 2016, Plaintiff De Luna worked as a delivery worker from approximately 6:00 a.m. until on or about 5:00 p.m., 2 days a week, from approximately 6:00 a.m. until on or about 7:00 p.m., 3 days a week and from approximately 9:00 a.m. until 1:00 p.m. on either Saturdays or Sundays once a month (typically 61 to 65 hours per week).

51.     From approximately January 2017 until on or about February 2018, Plaintiff De Luna worked as a delivery worker from approximately 9:00 a.m. until on or about 5:00 p.m., 2 days a week and from 9:00 a.m. until on or about 7:00 p.m.  3 days a week (typically 46 hours per week).

52.     From approximately March 2018 until on or about April 13, 2018, Plaintiff De Luna worked as a delivery worker from approximately 10:00 a.m. until on or about 5:00 p.m., 2 days a week and from approximately 10:00 a.m. until on or about 7:00 p.m., 3 days a week (typically 41 hours per week).

53.    From approximately April 2012 until on or about December 2015, Defendants paid Plaintiff De Luna his wages in cash.

54.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff De Luna his wages by check and cash.

55.    From approximately January 2017 until on or about April 13, 2018, Defendants paid Plaintiff De Luna his wages by check.

56.    From approximately April 2012 until on or about December 2013, Defendants paid Plaintiff De Luna $4.50 per hour.

57.    From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff De Luna $5.50 per hour for all his hours worked.

58.    From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff De Luna $5.65 per hour.

59.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff De Luna a fixed salary of $350 per week.

60.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff De Luna $7.50 per hour.

61.    From approximately January 2018 until on or about April 13, 2018, Defendants paid Plaintiff De Luna $8.65 per hour.

62.    Plaintiff De Luna's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

63.    For example, Defendants required Plaintiff De Luna to work an additional 2 hours past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

64.     Prior to June 2017, although defendants granted Plaintiff De Luna a 30 minute meal break, it was constantly interrupted.

65.     Nevertheless, Defendants deducted half an hour per day from Plaintiff De Luna's weekly paycheck for meal breaks he was not allowed to take.

66.     Plaintiff De Luna was never notified by Defendants that his tips were being included as an offset for wages.

67.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff De Luna's wages.

68.     From approximately April 2012 until on or about December 2015, Plaintiff De Luna was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

69.     From approximately January 2016 until on or about April 13, 2018 Defendants required Plaintiff De Luna to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

70.     Defendants took improper and illegal deductions of Plaintiff De Luna's wages.

71.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Luna regarding overtime and wages under the FLSA and NYLL.

72.     From approximately April 2012 until on or about December 2015, Defendants did not provide Plaintiff De Luna an accurate statement of wages, as required by NYLL 195(3).

73.     Defendants did not give any notice to Plaintiff De Luna, in English and in Spanish (Plaintiff De Luna's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

74.     Defendants required Plaintiff De Luna to purchase "tools of the trade" with his own funds—including three bicycles, bicycle maintenance, 5 pair of bicycle's lights per year, one helmet, two baskets and two pair of black shoes per year.

*Defendants' General Employment Practices*

75.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Luna (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

76.     Plaintiff De Luna was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

77.     Defendants' pay practices resulted in Plaintiff De Luna not receiving payment for all his hours worked, and resulting in Plaintiff De Luna's effective rate of pay falling below the required minimum wage rate.

78.     Defendants habitually required Plaintiff De Luna to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

79.     Defendants required Plaintiff De Luna and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.  Plaintiff De Luna and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

80.      Plaintiff De Luna and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

81.      However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff De Luna's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

82.      New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

83.      Plaintiff De Luna's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general deli work with duties, including the non-tipped duties described above.

84.      In violation of federal and state law as codified above, Defendants classified Plaintiff De Luna and other tipped workers as tipped employees, and paid them at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

85.      Defendants failed to inform Plaintiff De Luna who received tips that Defendants intended to take a deduction against Plaintiff De Luna's earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.      Defendants failed to inform Plaintiff De Luna who received tips, that his tips were being credited towards the payment of the minimum wage.

87.      Defendants failed to maintain a record of tips earned by Plaintiff De Luna who worked as a delivery worker for the tips he received.

88.     Prior to 2016, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

89.     From approximately January 2016 until on or about April 2018, defendants required Plaintiff De Luna to sign a document the contents of which he was not allowed to review in order to release his wages.

90.     Prior to January 2016, Plaintiff De Luna was paid his wages in cash.

91.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

92.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De Luna (and similarly situated individuals) worked, and to avoid paying Plaintiff De Luna properly for his full hours worked.

93.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

94.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De Luna and other similarly situated former workers.

95.     Defendants failed to provide Plaintiff De Luna and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

96.     Defendants failed to provide Plaintiff De Luna and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

97.      Plaintiff De Luna brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

98.     At all relevant times, Plaintiff De Luna and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and   one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

99.     The claims of Plaintiff De Luna stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

100.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants were Plaintiff De Luna's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff De Luna (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

102.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

103.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

104.     Defendants failed to pay Plaintiff De Luna (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

105.     Defendants' failure to pay Plaintiff De Luna (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiff De Luna (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

107.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

108.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De Luna (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.     Defendants' failure to pay Plaintiff De Luna (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.     Plaintiff De Luna (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

111.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

112.     At all times relevant to this action, Defendants were Plaintiff De Luna's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff De Luna, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

113.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De Luna less than the minimum wage.

114.     Defendants' failure to pay Plaintiff De Luna the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff De Luna was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

116.    Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De Luna  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

118.    Defendants' failure to pay Plaintiff De Luna overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiff De Luna was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

120.    Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

121.    Defendants failed to pay Plaintiff De Luna one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff De Luna's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

122.     Defendants' failure to pay Plaintiff De Luna an additional hour's pay for each day Plaintiff De Luna's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

123.     Plaintiff De Luna was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

124.      Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

125.     Defendants failed to provide Plaintiff De Luna with a written notice, in English and in Spanish (Plaintiff De Luna's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

126.     Defendants are liable to Plaintiff De Luna in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

127.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

128.     With each payment of wages, Defendants failed to provide Plaintiff De Luna with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

129.     Defendants are liable to Plaintiff De Luna in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

130.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

131.     Defendants required Plaintiff De Luna to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.     Plaintiff De Luna was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

133.     Plaintiff De Luna repeats and realleges all paragraphs above as though fully set forth herein.

134.     At all relevant times, Defendants were Plaintiff De Luna's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

135.     Defendants made unlawful deductions from wages of Plaintiff De Luna including, but not limited to, deductions for meal breaks Plaintiff De Luna was not permitted to and did not take.

136.     The deductions made from wages of Plaintiff De Luna's were not authorized or required by law.

137.     Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiff De Luna's, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

138.     Plaintiff De Luna was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

139.     Plaintiff De Luna repeats and realleges all paragraphs above as though set forth fully herein.

140.     Defendants did not pay Plaintiff De Luna on a regular weekly basis, in violation of NYLL §191.

141.     Defendants are liable to Plaintiff De Luna in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De Luna respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Luna and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Luna and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff De Luna's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De Luna and the FLSA Class members;

(f)     Awarding Plaintiff De Luna and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff De Luna and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Luna;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Luna;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff De Luna;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff De Luna;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff De Luna's compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order are willful as to Plaintiff De Luna;

(n)      Awarding Plaintiff De Luna damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff De Luna damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff De Luna liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff De Luna and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff De Luna and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff De Luna demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       May 1, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 27, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Daniel De Luna Hernandez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      27 de Abril 2018

*Certified as a minority-owned business in the State of New York*