UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL DE LUNA HERNANDEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>CITY CATERING CAFE INC. (D/B/A CITY CATERING CAFE F/D/B/A BISTRO CATERERS), JOHN DOE CORP. 1 (D/B/A CITY CATERING CAFE F/D/B/A BISTRO CATERERS), NICHOLAS CASTIGLIANO, GEORGE JAMISON and LEON MOORE,<br><br>*Defendants.* | 18-cv-03919-AJN<br><br>SETTLEMENT AGREEMENT<br>AND<br>RELEASE |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Daniel De Luna Hernandez ("Plaintiff") on the one hand, City Catering Café, Inc. (d/b/a City Catering Café),), ("Defendant Corporations"), Nicholas Castigliano, George Jamison, and Leon Moore ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

  WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-3919-AJN (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

1231196.1

any and all claims or potential claims Plaintiff Mendez may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Eighteen Thousand Dollars and No Cents (**$18,000.00**) (the "Settlement Amount") to be paid to Plaintiff as follows:

      (a)      One check made payable to "Daniel de Luna Hernandez" in the amount of Twelve Thousand Dollars ($12,000); and

      (b)    3.    One check made payable to "Michael Faillace & Associates, P.C." in the amount of Six Thousand Dollars ($6,000), which shall represent Plaintiff's alleged attorneys' fees, costs, and expenses and be reported on an IRS Form 1099.

      (c)      The above payments shall be made within thirty (30) days of Court approval of the parties' settlement agreement. If no payment is made by the Defendant within the ten (10) day grace period, the Plaintiff may claim default. However, the Defendants may cure such default without penalty of any kind within five (5) business days of receipt of notice of such default from Plaintiff's counsel to be sent by e-mail to Defendants' counsel at tram.lopresto@hoffmannlegal.com

2.    <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to, or in connection with, any claims under the Fair Labor Standards Act ("FLSA"); any claims under the New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, of the New York Labor Law; any claims under the any other federal, state or local wage and hour law; any claims for reimbursement, wages, vacation or other leave time through; any Department of Labor claims as of the Effective Date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating or in connection with, any claims under the Fair Labor Standards Act ("FLSA"); any claims under the New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, of the New York Labor Law; any claims under the any other federal, state or local wage and hour law; any claims for reimbursement, wages, vacation or other leave time through; any Department of Labor claims as of the Effective Date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5.  <u>Acknowledgments:</u>  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.  <u>Notices:</u>  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Tram LoPresto
450 Seventh Avenue
Suite 1400
New York, New York 10123
Email: tram.lopresto@hoffmannlegal.com

7.  <u>Governing Law:</u>  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  <u>Release Notification:</u> Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of

time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Mendez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: _____            Date: 7/01/19
     DANIEL DE LUNA HERNANDEZ

<u>DEFENDANTS:</u>

By: _____            Date: _____
     CITY CATERING CAFE INC.

By: _____            Date: _____
     NICHOLAS CASTIGLIANO

By: _____            Date: _____
     GEORGE JAMISON,

By: _____            Date: _____
     LEON MOORE

time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Mendez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    DANIEL DE LUNA HERNANDEZ

DEFENDANTS:

By: _____          Date: _____
    CITY CATERING CAFE INC.

By: _____          Date: _____
    NICHOLAS CASTIGLIANO

By: _____[signature]_____           Date: 7-8-19
    GEORGE JAMISON,

By: _____          Date: _____
    LEON MOORE

time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Mendez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
    DANIEL DE LUNA HERNANDEZ

DEFENDANTS:

By: _____[signature]_____     Date: 7-10-19
    CITY CATERING CAFE INC.

By: _____     Date: _____
    NICHOLAS CASTIGLIANO

By: _____     Date: _____
    GEORGE JAMISON,

By: _____[signature]_____     Date: 7-10-19
    LEON MOORE

time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Mendez confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____  Date: _____
    DANIEL DE LUNA HERNANDEZ

DEFENDANTS:

By: _____  Date: _____
    CITY CATERING CAFE INC.

By: *[signature]* _____  Date: 7/16/19
    NICHOLAS CASTIGLIANO

By: _____  Date: _____
    GEORGE JAMISON,

By: _____  Date: _____
    LEON MOORE